All right, Mr. Edelstein, I see you reserve three minutes for rebuttal. You can begin whenever you're ready. Good morning, Your Honors. My name is Jonathan Edelstein. May it please the Court, I represent the petitioner Appellant Camille Etheridge. Stone v. Powell is not a ground that a court can dismiss a habeas petition on without giving notice to the petitioner because it is neither a merits ground nor a ground that, in the words of the Acosta Court, is, quote, unmistakably clear from just the four corners of the petition. Why isn't it a merits ground to start with? It's not about the merits of the Fourth Amendment claim or about whether their Fourth Amendment right was violated. It's about the merits of habeas corpus. And the merits of a habeas corpus claim are defined by the Supreme Court to exclude any Fourth Amendment claim unless certain exceptions are met, right? So that's the merits of the habeas claim, which is what we're concerned with. First of all, I would dispute that because the merits of the habeas claim are what's set forth in the plain language of 2254, which is being held in violation of the Constitution, laws, or treaties of the United States. Right. And the Supreme Court says in Stone v. Powell, it may seem a little peculiar if you're a big believer in the exclusionary rule, but it says that this is just not something that you can get habeas for in a circumstance where the state provides a mechanism for vindicating the exclusion principle. And there's no question that New England Kimmelman has described Stone as a prudential rule. No, it defines the exclusionary rule as a prudential rule, and that's why it doesn't work for habeas. Well, because the exclusionary rule is a prudential rule, so is Stone. And that's something that this Court recognized in Young, that a prudential rule has prudential exceptions. And we are going to say that there was a constitutional violation in terms of, I don't know, some evidence that was generated. It would have normally been excluded, but it was admitted on, I don't know, let's say on the government's rebuttal case, or it was introduced to impeach the defendant's testimony. So it would normally have been the kind of evidence that was excluded in the government's initial presentation, but it was perfectly permissible to be used in other circumstances. You wouldn't say that because that claim is out the window, because it doesn't form a basis for 2255, that it's not somehow, that it still is, you know, it's unrelated to the merits or something. I mean, you know, that's still, you know, if the Court says, look, I'm not going to entertain your claim because you have no right to invalidate your conviction, you wouldn't say, well, because they're not reaching the I guess I'm confused about that. Well, there are bases on which a court will hold that you don't have a right to attack your conviction that don't involve the merits, such as, for instance, procedural default. No, but use my example. Use my example, where the Court may very well say, yeah, they violated the Fourth Amendment in getting this evidence, right? Yeah. But it's going to be admissible as rebuttal evidence. Maybe there would be a basis to argue under Young that in those circumstances, the evidence, the admission of the evidence does go to the reliability of the conviction. There are... But if we know that the Supreme Court has said that's not a basis for excluding the stuff? Well, if we know that the Supreme Court has said that's not a basis for excluding the stuff, then that goes to the merits. If there is, if the Supreme Court has said... Isn't that where we are with Stone? That's the point, right? You could have had a Fourth Amendment violation, right? The police may have acted in violation of the Fourth Amendment or whatever, but because you don't have a valid claim that you can make that the stuff should have been excluded from the trial, you know, why is that still not of merits? Well, because what the Supreme Court said in Stone is that even if you have something that would fall within, you know, that would ordinarily fall within the four corners of 2255, that, you know, you have a constitutional violation that if possibly, you know, the state court could have been in error. Maybe you are being held in violation of the Constitution. So you're saying that Stone relies on the fact that if the procedure is sufficient, you don't get to litigate the merits. That's essentially what you're saying Stone stands for and therefore is not a merits determination, similar to what we decided in Femia and Lugo where we made the distinction between cause and actual prejudice. Actual prejudice review is on the merits, whereas if you lack cause, then it's not a merits determination. Am I... That's exactly what I'm saying. I'm saying that the rationale of Stone is there are meritorious claims that we won't hear and that there are exceptions to that rule, one of which obviously can be determined from the record. There's no dispute here that the state courts in New York have a procedure to litigate and to appeal Fourth Amendment claims, but maybe there's an unconscionable breakdown. That's not always in the record. Let me focus on that, Mr. Edelstein, because I'm too simple-minded to do this theoretical stuff about what's on the merits and what's not. It seems to me the strongest argument that you have is that what you were just saying, that as a practical matter, you can determine one thing from the record here and that's clear, that New York provides a procedure and indeed that's a matter of precedent. But in this case, he actually took advantage of that procedure. He had a hearing. The district court, the trial court made a ruling. The whole panoply of process. However, there still is potentially, maybe hard to expect what this could be, but at least in the mine run of cases, you never know whether the petitioner might be able to show some kind of unconscionable breakdown. So shouldn't the district court be required to just enter an order to show cause, saying it looks like Stone against Baker. Tell me where the unconscionable breakdown was. And that seems to me a perfectly sound argument. Now my question for you is, isn't the failure to do that in this case harmless error? Unless you can tell me something, or you could tell the district court something about what kind of argument your man had that there was an unconscionable breakdown in the system. Because if there's not any, what are we even talking about here? I mean, he may be, we should write an opinion saying, yes, district courts and the ordinary courts ought to be giving, entering an order to show cause. Give the guy a chance. Wouldn't take much. He puts in his argument as to why he thinks there's an unconscionable breakdown in the system, and then the court can evaluate that. But no one, as far as I know, and you can correct me if I'm wrong, has ever said anything about if an order to show cause had been entered, what would this guy have said? Well, Your Honor, my answer to that would be that the reason we don't know what he would have said or what he might have been able to say with the assistance of counsel is because the order to show cause was never entered. But he's got the assistance of counsel now. He's got you. And there's no, nothing in your brief said, and you are new in the appeal, right? We appointed you or whatever. Correct. Okay. So I'll take the reconsideration motion even out of play for that. But why isn't there some showing that there was actual harmful error in this case? It's not a matter of theory, or to the extent it is a matter of theory, we can tell the district courts, give them guidance, you ought to do this. But how is your client harmed? What's, what was the big breakdown that he would have been able to show? Because on appeal, Your Honor, I'm limited to the record that was made in the district court, and he never had a chance to make that record. I don't know what he might have said. But he also, in his motion for reconsideration, he does mention, you know, he's very aware, I guess, of the law. And he said, I was entitled to a hearing to determine if external factors affected the information appropriate for the Stone exception. So he understood this issue, and I understand you have the assistance of our X, Y, and Z, and you're not telling us either. Well, what happened with the motion to re-argue, and he actually says this in his moving papers, is that he sought the assistance of an inmate law clerk. So this was really when he became aware of Stone possibly being a problem. He saw, you know, external factors, he argued, he, with the aid of an inmate law clerk, he, you know, this was COVID-19. He had very limited access to the law library. He had very limited ability to do research on what an external factor is, what would this court recognize as an external factor, what does this court not recognize as an external factor. So really never had the opportunity or a fair opportunity to make these, the arguments that would have enabled me to then develop before this court what the external factors are. And you're not, I assume, I understand your argument that we should in any event be limited to the record before the district court, and anything that's, you know, we can't fault anybody for not trying to introduce extra record evidence on appeal, I get that. And I take it that you're saying you're also not prepared to make a representation one way or the other to us that yes, your client is in a position to articulate extra record factors that would show an unconscionable breakdown or that he's not. Is that a fair characterization of where we're at right now? That is a fair characterization, Your Honor. All right. Thank you, Mr. Ellis. Thank you. All right. We'll hear from the State. Thank you, Your Honor. You may please report. No prior notice was required before the district court dismissed the petition. In this case, a petition that plainly presented no basis for habeas relief. The court did exactly what Rule 4 requires. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to release relief under habeas. Why isn't this exactly the same type of problem that we addressed in Acosta, where you have potentially, even a timeliness situation, equitable tolling? And so we said in Acosta, look, a judge can do the sua sponte. You don't have to get the cause or some notice so that they can address whether or not there's equitable tolling here because there is a prong that allows him to overcome stone by demonstrating an unconscionable breakdown in the process. As Judge Link pointed out, anybody can look at the record and determine whether or not he had procedure or they had hearing. But on that issue, which is an exception to stone, the only way to find that out before you sua sponte dismiss is to give them a chance to tell you that something happened. They gave some examples in their brief. In the jail, something happened in the jail. He submitted something that didn't get to the court. They give some hypotheticals of unconscionable breakdowns that would be outside the record. So why isn't that problematic? Why not just make a district court issue that notice and give them a chance to articulate whether there's such a breakdown or not? Well, because Rule 4 does require the court to proceed this way. It says the court must No, we can go through the whole issue of what's a merits determination, what's not a merits determination, is that this is not a merits determination. This is not a merits determination. It has nothing to do whether his Fourth Amendment rights are violated. It has to do with the procedure and whether there was a breakdown in the procedure. So this is not going to the merits of whether his constitutional rights were violated. Understood. Understood. It doesn't go to the merits, but it does go, as Judge Lynch, I believe, had said, that whether or not this can ever be a claim for habeas relief. Well, but it can be, you see. I mean, I take your point completely about the habeas rules. I think Judge Kogan did exactly what he was supposed to do, up to a point. He's supposed to look at the record. He's not supposed to put the State to the burden of answering a habeas petition if the record shows that it couldn't win. Now, the record, you know, I can't remember the last time I saw a Fourth Amendment claim succeed on habeas because of a terrible breakdown in the process, but it's there as a legal possibility, and it's not one that is apparent from the record. It's apparent from the record that he had plenty of procedure. You know, and I don't think that the briefing goes in depth, and I didn't go back and read the transcript of the State court hearing. I'm not even sure that's before us. But, you know, it sounds to me like there was an adjudication of this, and it would be very unlikely that there was some kind of unconscionable breakdown in the system, but that's not something that is apparent from the face of the record. So why shouldn't he get an opportunity to make whatever argument he makes, and if it's insufficient, then the State still never has to answer, and the case is over. But it's not unreasonable if there had been some sort of an unconscionable breakdown in the process in State court that Petitioner, at a minimum, would have mentioned this in the habeas petition. Well, are you saying that in order to state a claim, essentially, in sort of civil justice terms, in order to state a claim for relief under habeas in a Fourth Amendment context, there has to be a pleading of specific unconscionable breakdown? No, Your Honor, I'm not saying that, but I am saying that... Well, but if you're not saying that, and he doesn't have to put that in his pleading, then how can the district court... It's sort of like, you know, affirmative defenses. How can the... If he's not obliged to plead it, and he doesn't plead it, how can he lose when he still might win on that ground if no one gives him the opportunity to address that issue? Well, what this court has said is that if the opportunity for presenting your Fourth Amendment claims in State court was deprived because of some unconscionable breakdown, then that would be the second exception to... Yeah, but he has no idea about that rule because there's been no response to his petition. He's put in his petition saying, my Fourth Amendment rights were violated in State court, and he has no idea about this unconstitutional, unconscionable breakdown rule. And similar to equitable tolling, an inmate whose petition is untimely may not have any idea that there's equitable tolling. So we give notice to them to let them know, hey, we can't look at your claim unless there's an unconscionable breakdown, so tell us what it is, right? Isn't that the whole point of this? But we disagree with Petitioner that you can't tell from the State court record, that there's no way to tell from the State court record whether or not Petitioner has utilized... Well, what about the examples they gave, that something could happen in the jail, he could happen outside the record that led to a breakdown of him being able to litigate it? Not that he wasn't given the procedure, that there wasn't a hearing, but something prevented him. I agree with Judge Lynch, I'm not aware of any case where such an unconscionable breakdown has been found. But certainly if there was such a case, you could think of instances where it would be outside the record, right? There would be some hint of it I would submit to the court in the record. If a Petitioner is himself aware that something happened, and he would have to be aware of it to present it... But again, why? If that's not necessary to state the claim, it's only necessary to get over the Stone v. Powell hurdle. And if we know from Young v. Conway that that is something that the State can waive, or I think it should have been said forfeit by not raising it, then why should the habeas Petitioner have to affirmatively plead something to get over a defense that may never be interposed? I'm not suggesting that the habeas Petitioner has to plead this. Or allege it or mention it. I mean, most people when you're litigating, you lie low on the affirmative defenses. You hope that your opponent won't interpose them, and it never comes up. And you'll win on your claim. True. So why would you have to do this if it's just something that the State can interpose? But if it's in a case in which the rules require the court to look at the record and examine the record, and there is absolutely no hint in the record or in the petition that this Petitioner has any basis for a claim that would lie for habeas relief, it's not unreasonable for the court to have done what's necessary. Can I ask you this? Is there any way in which the Petitioner's proposed rule would in any way prejudice the State? Assuming that this is a rule that we were to adopt, and I assume it's framed, would be the district court gets the petition, the State has not responded, the court then issues notice to the Petitioner, I'm going to dismiss this on Stone v. Powell grounds unless you demonstrate unconscionable breakdown. If that's the scenario, at what point, and this is a separate question of whether it's required or not, I'm asking, is there any way in which that system would prejudice the State in any way? I don't think so, Your Honor. In fact, in 99% of the cases, the State raises it first because Judge Kogan obviously was trying to manage the docket and move habeas petitions along and decided to do this without making the State respond, but you can correct me if I'm wrong, in 99% of the cases, judges wouldn't do the sua sponte and you would put it in your brief, right? That's correct. I didn't see very many cases at all in which a judge had done this, maybe one other case in the Southern District. And pursuant to our decision in Acosta, that goes on all the time with respect to timeliness, where if a judge wants to do sua sponte on timeliness, then they issue the order to show cause and the Petitioner can demonstrate equitable tolling. It doesn't cost the State anything, right? Understood. And doesn't this really lock things down even better? I mean, really, in the long term, doesn't this lock down the record in a much more solid way for the State that now there's not going to be a claim that comes before us saying, hey, you know what? There was an unconscionable breakdown. I mean, what happens if, you know, the court sua sponte dismisses this and then they file a motion for reconsideration, maybe with counsel or something. Wait a minute, wait a minute. What about the fact that the State court judges were bribed? You know, there was just a prosecution in State court, let's say, where they caught these judges getting bribed in any number of cases. That's an unconscionable breakdown. And then we just say, oh, well, it's too late. Your Honor, I think we would still be able to present an argument in that case. I think that I don't think the State is in any disadvantage in that particular situation if the court dismissed and then we're on motion for reconsideration. But I do think that the kinds of issues, the kind of considerations that a petitioner would be raising in such a case are not like the considerations in Acosta, in which those are uniquely in the conditions that are within this petitioner's control. Can I just ask you to address for just a minute the issue of whether we call it harmless error or whether it was sufficient notice, whatever we want to call it. Their argument is that we don't want to set up a rule where if an inmate, if it was an uncounseled, filed a motion for reconsideration, that somehow that's then sufficient. That the rule should be it has to be noticed prior to dismissal because a motion for reconsideration is a more narrow, it's a more deferential standard, wouldn't be likely to be raised necessarily in a motion for reconsideration. Why wouldn't that be the cleaner rule? Not to say like if an inmate files a motion for reconsideration, oh, you got noticed because you did that after the dismissal, you're good. Yes, there is a different standard, a more narrow standard. But certainly in this particular case, the court did not rely on any kind of a narrow, more difficult standard in determining that this was the quintessential case, as the court said, for the application of Stone v. Powell. All right. All right, thank you. Thank you. Mr. Edelstein, you have three minutes in regard. Briefly, Your Honor. First of all, on the issue of, well, if there was an unconscionable breakdown, wouldn't the petitioner have mentioned it? As we mentioned in the briefs, and as I'm sure the court is aware, 99% plus of habeas petitions are filed on a form. In fact, some... I'm sorry, I couldn't quite hear you. On a form? On a form, on a standard form. In fact, many district courts require them to be filed on a form. The form flags certain things for the petitioner's attention. It does not address Stone issues. It does not call to the petitioner's attention, your Fourth Amendment claim may be barred unless you can show X, Y, and Z. Please show it right here and right now. As it does, for instance, with statute of limitations, it does call the petitioner's attention to, if your conviction became final more than a year ago, show us why it shouldn't be dismissed. If the form were written differently and contained the substance of what you would suggest ought to be in the notice provided by the district court if it's thinking about dismissing Sue Sponte, would your argument be different? I think that if the form did contain that language, then it might well satisfy the requirement of the notice. You just said the form does have something for equitable tolling on it? Does it have something for equitable tolling? It doesn't specifically say equitable tolling, but it does mention statute of limitations. Right, but we don't think under ACOSTA the fact that the form may say something about statute of limitations satisfies ACOSTA. We haven't gone that far, right? No, although I believe ACOSTA mentioned that certain things about the statute of limitations or certain things relevant to it were not on the form. And that was a consideration that the ACOSTA court took into account. I mean, I would say if there was something on the form with respect to Stone I think it would have to be very detailed and comprehensive. But at this point there's nothing on the form with respect to Stone. It might be a good idea to have something on the form and maybe if there was something on the form that might, depending on what it was, be sufficient to provide notice. But that's not what we have here. I think as we think about possible remedies I think of the new federal district judge who comes to the bench from a career without criminal law experience. I'm not sure that baby judge school says, you know, by the way, if there's a habeas application and it involves the Fourth Amendment you're going to have to say, you can say sua sponte, Stone against Powell but then you have to issue an order to show cause. So I can imagine it will not be infrequent if we make this rule that district judges might slip up. It might be useful to have something on the form and that's something district courts might think about when they create their forms and that might backstop this kind of rule. But none of that is your problem because you're here in a situation where there was no order to show cause and as you point out there is nothing on the form that provides notice to a petitioner. I would agree with that judge and if you would indulge me for about another 30 seconds just wanted to state that with a motion to reconsider it's not only a narrower standard but there are also fewer options. Like for instance at that point the petitioner would not be able to potentially reframe a Fourth Amendment claim as a claim of ineffective assistance in litigating the Fourth Amendment which Kimmelman does allow and in the case of this petitioner there's language in his motion for reconsideration which arguably does suggest ineffective assistance of counsel. At the time he filed his habeas petition he had 11 months left on the AEDPA statute maybe if he had been given notice he could have sought stay in abeyance or he could have sought to amend. There are many things that could be done before judgment that can't be done after. So for that reason Your Honor or Your Honors I would submit that the decision below should be reversed and with that I'll rest on the briefs if the court has no further questions. Reversed or just vacated? Vacated. Vacated. Alright, thank you Mr. Edelstein thank you to both sides we'll reserve decision and have a good day. Thank you. The next case on the calendar